**FILED**

NOV - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANA C. TORRES,                          )
6306 ROAN STALLION LANE                 )
COLUMBIA, MD 21045                      )
         Plaintiff, 301.576.1076        )      **CIVIL ACTION NO.:**
                                        )      CV 05
vs.                                            CASE NUMBER  1:05CV02158

MICHAEL F. DIMARIO                             JUDGE: Henry H. Kennedy
(FORMER) PUBLIC PRINTER, &
BRUCE JAMES                                    DECK TYPE: Employment Discrimination
(PRESENT) PUBLIC PRINTER
         Defendant**S**                        DATE STAMP: 11/03/2005

_____ )

### COMPLAINT

1.      This is an action to redress Defendant's discrimination against Plaintiff, Ana C. Torres

on the basis her race (Hispanic) and sex (female) and national origin (Puerto Rican), in violation

of Title VII, 42 U.S.C. § 2000e *et seq.*

2.      Ana C. Torres applied for a position as Facility Manager (Understudy), PG-1640-14,

advertised under Vacancy Announcement 02-068.

3.      In March, 2002, the Agency selected Stephen Carswell (Caucasian, male, United

States) for the Facility Manager (Understudy) position.

### JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§ 1331, 1343(4), 42

U.S.C. §§ 2000e-5(f)(1) and 12117.  The request by Plaintiff for declaratory and injunctive relief

is authorized by 28 U.S.C. §§ 2201 and 2202.

5.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(c).

6.      All conditions precedent to the filing of this action have been met by Plaintiff in that

she has filed this action within 90 days of receiving the Final Agency decision.

1

## PARTIES

7.    Plaintiff, Ana C. Torres is a female, Hispanic individual of Puerto Rican national origin.

8.    Mrs. Torres resides in Columbia, Maryland.

9.    She is employed by Defendant as an architect

10.    The Defendant, U. S. Government Printing Office (hereinafter "GPO"), an agency of the federal government is located in Washington, D.C.

## FACTS

11.    The Plaintiff was among the individuals certified as qualified for the Facility Manager (Understudy) position.

12.    The Selecting Official, Mr. Joseph Palank, stated that he "knew all of the referred candidates very well from having worked with them or supervising them."

13.    The Selecting Official further stated that he did not "need to interview the candidates or spend a lengthy amount of time mulling the over the candidates." (Sic).

14.    The Selecting Official stated words to the effect that had not the selectee, Mr. Carswell made the well qualified list, he would not have selected any of the other qualified candidates; but rather would have had the position re-advertised under "all sources" area of consideration.

15.    The Selecting Official pre-selected Mr. Carswell for the position.

16.    The Selecting Official admitted that he had never promoted a female employee to a supervisory position in his 20 years as Director of Engineering Services at GPO.

## CLAIMS

17.    Defendant's failure to promote Mrs. Torres to the Facility Manager (Understudy) position because of her race (Hispanic), sex (female), and national origin (Puerto Rican), constituted discrimination in violation of Title VII.

18.    Defendant's pre-selection of Mr. Carswell violated the federal tenets of equal

employment opportunity.

**WHEREFORE** Plaintiff respectfully requests that this Court:

1. Accept jurisdiction of this case.

2. Grant Plaintiff a trial by jury on all issues so triable.

3. Declare that Plaintiff has suffered acts of discrimination at the hands of Defendant in

violation of Title VII and federal equal opportunity law.

4. Grant Plaintiff preliminary and permanent injunctive relief directing Defendant to

promote Plaintiff to the position, or an equivalent position, with full seniority, back pay and other

benefits as if she had never been non-selected based upon illegal discrimination in March 2002.

5. Award Plaintiff compensation for loss of salary and other benefits, including all fringe

benefits to which she would have been entitled had she not been discriminated against.

6. Award Plaintiff compensatory damages for the humiliation, damages to her reputation,

mental and emotional distress, and pain and suffering that she has experienced and endured as a

result of the discriminatory actions of Defendant towards her.

7. Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded, to

the maximum extent allowed by law.

8. Grant such other and further relief as to the Court seems just and proper.

This 3 day of November, 2005.

Ana C. Torres
Plaintiff
Pro Se
6306 Roan Stallion Lane
Columbia, MD 21045
301.576.1076



**U.S. GOVERNMENT**
**PRINTING OFFICE**
KEEPING AMERICA INFORMED

Nadine L. Elzy
Director, Equal Employment Opportunity Office

July 27, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Nelson M. Ramos
3020 Jenny Lane
Woodbridge, VA  22192

Ms. Ana C. Torres
6306 Roan Stallion Lane
Columbia, MD  21045

| | |
|---|---|
| Complaints of: | Nelson M. Ramos/Ana C. Torres and Bruce R. James, Public Printer |
| GPO Case Nos: | 02-35 and 02-37 |
| EEOC Nos: | 100-2003-08484X and 100-2004-00215X |

Under the authority vested in me by the rules and regulations of the Government Printing Office and the Equal Employment Opportunity Commission, I am issuing a final order on the above referenced complaints.[1]

On July 11, 2005, the Administrative Judge (AJ) rendered a decision on your complaint without a hearing, in accordance with 29 C.F.R. §1614.109(g).  The decision concluded that Summary Judgment in favor of the Agency was appropriate.  I have reviewed the decision and have determined that the Government Printing Office will fully implement the decision of the AJ.

**05 2158**  **FILED**

---

[1] On or about June 22, 2004, the Administrative Judge granted the Agency request that the above captioned complaints be consolidated and processed together.

**NOV 3 2005**
**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

PAGE 2

This constitutes the final action of the Government Printing Office on these complaints. A copy of the AJ's decision and your appeal rights are enclosed.

Sincerely,

NADINE L. ELZY
Director, Equal Employment Opportunity

Enclosures (AJ's Decision, Appeal Rights, and EEOC Form 573)

cc:   The Honorable Varice F. Henry
      Administrative Judge
      Equal Employment Opportunity Commission
      Washington Field Office
      1801 L Street, Suite 100
      Washington, D.C.  20005

      Stephen D. Scavuzzo
      380 Maple Avenue West, Suite 207
      Vienna, VA  22180

      Kenneth C. Wu
      Kristin Aldin, Esq.
      Passman & Kaplan
      1090 Vermont Avenue, NW – Suite 500
      Washington, DC  20005

      Ms. Jennifer R. Seifert
      Assistant General Counsel
      Office of General Counsel
      U.S. Government Printing Office
      732 North Capitol Street, NW
      Room C-814 – Stop GC
      Washington, DC  20401

**NOTICE OF APPEAL RIGHTS**

If you are dissatisfied with this decision, you have the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in an appropriate United States District Court.

All time periods are given in *calendar* days. If a time period expires on a Saturday, Sunday or Federal holiday, you may file on the next business day. If you are represented by an attorney, the time periods begin to run from the date your attorney receives this decision.

**FILING AN APPEAL WITH EEOC**

You have the right to appeal this decision to the EEOC *within 30 days* of the day you receive this final agency decision. File your appeal by mail addressed to:

> DIRECTOR, OFFICE OF FEDERAL OPERATIONS
> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> P.O. BOX 19848
> WASHINGTON, DC 20036

or by personal delivery or facsimile. At the same time you file an appeal with EEOC, you must also send a copy of your appeal to:

> DIRECTOR
> OFFICE OF EQUAL EMPLOYMENT OPPORTUNITY
> GOVERNMENT PRINTING OFFICE
> 732 NORTH CAPITOL STREET, NW., ROOM C709
> WASHINGTON, DC 20401

In your appeal to EEOC, you must state the date and method (for example, by certified mail or hand delivery) by which a copy of the appeal was sent to the Director, Office of Equal Employment Opportunity. You should use the attached EEOC Form 573, Notice of Appeal/Petition, to file your appeal. EEOC will dismiss your appeal if you do not file it within the time limits.

The original of any statement or brief in support of your appeal must be filed with EEOC, with a copy to the Director, Office of Equal Employment Opportunity Office, *within 30 days* of the date you file your appeal.

## NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS

1. Appellant's name (Last, First, Middle): [Please Print or Type]

2. Home/mailing address:

3. Name and address of attorney or other representative, if any:

| 4. Appellant's daytime telephone number (incl. area code): | 5. Representative's telephone number (if applicable): |
|---|---|

6. Has the appellant filed a formal complaint with his/her agency?

☐ No          ☐ Yes - indicate the Agency's complaint number: _____

7. Name of the agency being charged with discrimination:

8. Location of the duty station or local facility in which the complaint arose:

9. Has a FINAL DECISION been issued by the agency, an Arbitrator, FLRA, or MSPB on this complaint?

☐ YES (Indicate the date the appellant RECEIVED it _____, and ATTACH A COPY.)

☐ NO

☐ This appeal alleges a breach of a settlement agreement.

10. Has a complaint been filed on this same matter with this Commission, another agency, or through any other administrative or collective bargaining procedure?

☐ NO   ☐ YES (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate).

11. Has a civil action (lawsuit) been filed in connection with this complaint?

☐ NO   ☐ YES (ATTACH A COPY OF THE CIVIL ACTION FILED)

| 12. Signature of appellant or appellant's representative | 13. Date: |
|---|---|

**NOTICE:** Before mailing this appeal, be sure to attach a copy of the final decision from which you are appealing, if one has been issued. Any comments or brief in support of the appeal MUST be filed with the Commission AND with the agency within 30 days of the date this appeal is filed. Making a knowingly false statement on this form is punishable by law. See 18 USC § 1001. **PRIVACY ACT STATEMENT ON REVERSE SIDE.**

| FOR EEOC USE ONLY: | OFO DOCKET NUMBER: |
|---|---|

EEOC FORM 573 REV 6-82

## FILING A CIVIL ACTION

You also have the right to file a civil action in an appropriate United States District Court **within 90 days** after you receive this final decision if you do not appeal to EEOC.

You may also file a civil action **within 90 days** after receipt of the EEOC's final decision on appeal, or **after 180 days** from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

If you claim age discrimination, you should seek the advice of an attorney if you wish to file a civil action after expiration of the time limits noted above. The courts disagree about when a civil action must be filed and may permit an age discrimination complaint to be filed two years or more from the date of the alleged discrimination.

You must also comply with the following instructions:

(1)    You must name **MICHAEL F. DiMARIO, PUBLIC PRINTER** as the defendant. Failure to provide his name and official title may result in dismissal of your case.

(2)    If you decide to file a civil action and if you do not have, or cannot afford, the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action must be filed within 90 days of the date you receive the agency or EEOC decision.

If you may have to file a civil action within 30 days, not 90 days, after receiving this final decision or a decision from the EEOC if the alleged discriminatory conduct that is the subject of your complaint occurred before November 21, 1991. To be sure your civil action is timely, you may wish to file within 30 days.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**WASHINGTON FIELD OFFICE**
**1801 L Street, N.W., Suite 200**
**Washington, D.C.  20005**

| | |
|---|---|
| Nelson M. Ramos ) | |
| & Ana Torres, ) | |
| Complainants, ) | EEOC Nos.    100-2003-08484X |
| ) | 100-2004-00215X |
| v. ) | |
| ) | |
| U.S. Government Printing Office ) | Agency No. 02-35; 02-37 |
| ) | |
| Agency. ) | Date: July 11, 2005 |

### ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision judgment in the above-captioned matter is hereby entered. A Notice to the Parties explaining their appeal rights is attached to the Decision.

This office will hold the report of investigation for sixty days, during which time the agency may arrange for its retrieval by calling Kimberly Byrd at (202) 419-0705. If we do not hear from the agency within sixty days, we will destroy our copy of these materials.

For timeliness purposes it shall be presumed that the parties received the foregoing Decision within five (5) business days after the date they were sent via first class mail.

It is so ORDERED.

Vance Ted Henry
Administrative Judge
(202) 419-0717
(202) 419-0701 Fax

To:

Nelson M. Ramos
3020 Jenny Lane
Woodbridge,  22192

Ana Torres
6306 Roan Stallion Lane
Columbia, Md. 21045

Jennifer R. Seifert
Assistant General Counsel
U.S. G.P.O.
732 North Capitol Street NW
Rm.C-814; Stop GC
WDC 20401

202-512-0036
(202) 512-0076

Stephen D. Scavuzzo
380 Maple Ave. West, Ste. 207
Vienna, VA 22180
7-319-8770
7-319-1747 FAX

Kenneth C. Wu
Kristin Aldin, Esq.
Passman & Kaplan
1090 Vermont Ave., NW, Ste. 500
WDC 20005
202-789-0100
202-789-0101 FAX

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Washington Field Office**
**1801 L Street, N.W., Suite 200**
**Washington, D.C. 20005**

| | | |
|---|---|---|
| Nelson M. Ramos<br>& Ana Torres,<br>     Complainants, | )<br>)<br>)<br>) | EEOC Nos.    100-2003-08484X<br>               100-2004-00215X |
| v. | )<br>) | |
| U.S. Government Printing Office | )<br>) | Agency Nos. 02-35; 02-37. |
| Agency. | )<br>) | Date: July 11, 2005 |

## DECISION

This Decision is issued pursuant to 29 C.F.R. § 1614.109(g) (2000). This office issued an Acknowledgment Order on June 10, 2004.[1] On or about November 10, 2004 I issued a Notice of Intent to Issue a Decision Without a Hearing. On or about December 1, 2004 the Agency filed its Agency Motion for Summary Judgment (Agency Motion). On or about December 13, 2004 Complainant Ramos filed his reply to the Agency's Summary Judgment Motion (Ramos Motion). On or about December 17, 2004 Complainant Torres filed her reply to the Agency's Summary Judgment Motion (Torres Motion).

## ISSUE

The issue is whether the Agency discriminated against Complainant Ramos based on his race (Asian), national origin (Filipino), and color (not identified) when:

1.      In March, 2003, the Agency selected Stephen Carswell (male, Caucasian, United States) for the Facility Manager (Understudy) position, PG-1640-14, advertised under Vacancy Announcement (Vac. Ann.) 02-046.
*Report of Investigation ("ROI")* at Acceptance Letter, Tab D.

---

[1] On or about June 22, 2004 I Granted the Agency request that the Ramos and Torres EEO complaints be consolidated and processed together.

-1-

The issue is also whether the Agency discriminated against Complainant Torres based on her sex (female), race (Hispanic) and national origin (Puerto Rican) and reprisal for prior EEO activity when:

1.     In March, 2003, the Agency selected Stephen Carswell (male, Caucasian, United States) for the Facility Manager (Understudy) position, PG-1640-14, advertised under Vacancy Announcement (Vac. Ann.) 02-046.

2.     Complainant further contends that in reprisal for contacting the EEO office, management indicated that if she did not promise to get along with others, an upcoming position would be advertised as "all sources."

*Report of Investigation* ("*ROI*") at Acceptance Letter, Tab 5.

Complainant has satisfied the procedural prerequisites for a hearing, but the evidence does not warrant one. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). I find that the agency did not discriminate against Complainant.

## ANALYSIS

The burden of establishing a *prima facie* case is not onerous. To establish a *prima facie* case of disparate treatment, a Complainant may demonstrate that he/she was treated less favorably than a similarly situated employee outside his/her protected group. *Furnco Constr. Corp. v. Waters*, 438 U.S. 567 (1978). Absent comparative data, Complainant may also establish a *prima facie* case by setting forth sufficient evidence to create an inference of discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981), n. 6; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

If Complainant establishes a *prima facie* case of discrimination, the burden then is on the Agency to articulate a legitimate, nondiscriminatory reason for its challenged actions. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-54 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the Agency does so, the *prima facie* inference drops from the case. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 510-11 (1993). Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *Hicks*, 509 U.S. at 511; *Burdine*, 450 U.S. at 252-53; *McDonnell Douglas*, 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact that the agency unlawfully discriminated against her. *Hicks*, 509 U.S. at 511; *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

I find that the Agency's Motion for Summary Judgment correctly states the material facts and applicable legal standards. There are no *genuine* issues of *material* fact or credibility that require resolution at a hearing. Summary judgment in favor of the Agency is therefore appropriate for the reasons

stated in the Agency's motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

### 1. Complainant Ramos:

The Agency Motion pointed out that the Agency articulated legitimate, non-discriminatory reasons for its actions in making the selection in question. The Selecting Official (SO) briefly reviewed the applications of the eligible candidates, but did not carefully study them or conduct interviews because he had a long time first hand knowledge and understanding of their work due to his regular on-the-job interaction with them. *Agency Motion* at 3-16. The SO indicated that he was looking for an applicant with supervisory experience with blue collar workers, personnel actions, union contracts and labor disputes. *Id.* Because GPO is an industrial complex, the SO also sought an applicant with facility maintenance experience including knowledge of the physical plant, its mechanical equipment, e.g., printing equipment. He also sought an applicant with knowledge of cost and cost control, planning and scheduling of jobs and preventive maintenance. Finally he sought an applicant with good human relations skills who had positive relationship(s) with the shops and the Agency's customers. *Id.*

He indicated that a formal education with advanced degrees was not a major consideration in making the selection, rather he wanted an individual with practical experience within the Facilities Division. *Agency Motion* at 3-16. The SO concluded that the Selectee, Steve Carswell (white, male) who had 15 years of experience within the division, an experiential background re the trades within the division and knowledge of the safety programs and OSHA regulations possessed the skills and abilities that the SO was seeking. *Id.* Carswell also had direct supervisory experience within the division and the SO had direct experience with Carswell's problem solving and leadership skills vis-a-vis his work in reorganizing the BSB. *Id.* Of greatest significance re the question of discrimination for purposes of this decision is the SO's articulation that if Carswell had not applied for the position or not somehow been available for selection, he would have made no selection from the applicant pool and would have requested that the position be re-announced as "all sources" to widen the pool of applicants. *Id.* at Ex. 6. The SO indicated that neither of the Complainants would have been selected under the Vac. Ann. in question due, at least partially, to their inadequate mechanical background(s). *Id.* This crucial testimony by the SO persuades this Administrative Judge that, while the Complainant(s) may have tenable argument(s) that the selection process was not administered in an ideal manner, neither the manner in which the selection was made, nor the result that was produced was motivated by discriminatory animus.

Complainant's Ramos' very brief motion, e.g., 3-4 pages, focuses on "pre-selection, nepotism and an old-boy" network as justification(s) for not issuing a summary judgment decision in this case. *Ramos Motion* at 2-3. It is important to note, as does the Agency Motion, that evidence of pre-selection is not, in and of itself, sufficient to establish discrimination or discriminatory animus. *See Agency Motion* at 16. Beyond the aforementioned arguments, Complainant Ramos provides not evidence or argument that his qualifications were clearly superior to those of the selectee. *See Ramos Motion.* It is equally important to point out that Complainant Ramos failed to rebut the Agency's articulated, non-discriminatory reasons

-3-

for its actions. *Id.* Complainant Ramos' argument(s) in support of a request for a hearing therefore must fail.

### 1. Complainant Torres:

Complainant Torres' Motion argues extensively and, at times, eloquently that there are factual discrepancies in the record and issues of credibility needing determination at a hearing. *See Torres Motion Generally.* Complainant Torres' Motion extensively discusses the manner in which the selection was made, the SO's indication he would he have had the position re-announced "all sources" absent Carswell's availability, the absence of an interview process, the resulting inequities in the process, the SO's failure to consider Torres' educational achievements, his failure to consider her "supervisory" experience, the appropriateness of his characterization that Torres had "recurring problems" working with blue collar members of the shops, the SO's alleged "discriminatory remarks" re Hispanics and repeatedly focuses on her education and background re architecture as evidence that she was better qualified for the position. *Torres Motion* 8-23. Finally, Complainant Torres' motion attempts to introduce new evidence of retaliation into the record based on her deposition testimony as justification for a hearing. *Id.* at 24.

Despite the extensive research and aforementioned eloquence contained in Complainant Torres' Motion, it ultimately fails to convince this Administrative Judge that: her qualifications for the position in question were clearly superior to those of the selectee, the SO's explanations for his selection and approach to the selection process were pretextual and/or motivated by a discriminatory animus and finally, that the Agency engaged in discriminatory, retaliatory action(s) toward Complainant. As I have already indicated, the SO's indication that he would not have selected any other candidate, i.e., regardless of race, sex, nationality etc. is crucial in persuading this Administrative Judge that the SO's behavior in this case was neither discriminatory nor pretextual. For the aforementioned reasons, Complainant Torres' request for a hearing must also ultimately fail.

Complainant(s) have failed to set forth sufficient material evidentiary facts that would convince this Administrative Judge that their allegations of discrimination justify conducting a hearing prior to making a decision in this case. Complainants assertions that the agency's intention and motivation are questionable are not enough to withstand a summary judgment motion. *Goldberg v. Green & Co.,* 836 F.2d 845, 848 (4th Cir. 1987); *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985).

After a careful review of the sworn witness statements and the documentary evidence in the ROI, I find that the totality of the record fails to sustain Complainant(s) claim(s) that they were discriminated against because of his/her race, national origin, color (Ramos) and her race, national origin, sex and reprisal (Torres). Accordingly, the Agency's Motion for Summary Judgment is hereby **GRANTED**.

-4-

Varice F. Henry
**Administrative Judge**

## NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109(b), 109(g) or 109(I). **With the exception detailed below, the complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has *not* issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848
> Washington, D.C. 20036
> Facsimile (202) 663-7022

Facsimile transmissions over 10 pages will not be accepted.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

-6-

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. *See* 29 C.F.R. § 1614.504. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.