UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANA C. TORRES,<br>6306 Roan Stallion Lane<br>Columbia, Maryland 21045<br><br>  Plaintiff,<br><br>v.<br><br>BRUCE R. JAMES, Public Printer,<br>  U.S. Government Printing Office,<br>  732 North Capitol Street, N.W.<br>  Washington, DC 20401<br><br>  Defendant. | C.A.No.: 05-2158 (HHK) |

**AMENDED COMPLAINT**
(Employment Discrimination and Retaliation)

**Introduction**

1. Plaintiff, Annie C. Torres, brings this action pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. Section 2000e, *et seq.* (hereinafter "Title VII") to remedy acts of discrimination in promotion practices by the Government Printing Office based on her race (Hispanic), sex (female), and national origin (Puerto Rican) and retaliation against her for her prior EEO activity.

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff has exhausted her administrative remedies in that she filed her original complaint within ninety days of receiving the Final Agency Decision in her formal administrative EEO complaint, GPO Case Number 02-35, as well as 180 days have elapsed since

plaintiff filed a formal administrative EEO complaint, GPO Case Number 06-02, without a final decision having been made by the Government Printing Office.

## Venue

3. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b) and 42 U.S.C. Section 2000e-5(f)(3), as the decisions which are at issue were made by defendant in this district and plaintiff's employment records are maintained in this district.

## Parties

4. Annie C. Torres is an Hispanic (Puerto Rican national origin) female citizen of the United States and of the State of Maryland. Ms. Torres is employed by the Government Printing Office.

5. Defendant Bruce R. James is the Public Printer of the Government Printing Office ("GPO"), an agency of the federal government located in Washington, D.C. As the Public Printer of the GPO, Mr. James is the head of the GPO and is responsible for the personnel actions, omissions and practices thereof. Thus, Mr. James is here sued only in his official capacity as head of the GPO.

## Facts

6. Ms. Torres served as an Architect with the GPO for over twenty years.

7. Ms. Torres applied for a positions as Facility Manager (Understudy), PG-1640-14, advertised under Vacancy Announcement 02-068.

8. Ms. Torres was among the individuals certified as qualified for the Facility Manager (Understudy) position.

9. The Selecting Official, Mr. Joseph Palank, stated that he "knew all of the referred

candidates very well from having worked with them or supervising them."

10. The Selecting Official further stated that he did not "need to interview the candidates or spend a lengthy amount of time mulling the [sic] over the candidates."

11. In March 2002, the Agency selected Stephen Carswell (Caucasian, male, United States) for the Facility Manager (Understudy) position.

12. The Selecting Official stated words to the effect that had not the selectee, Mr. Carswell, made the well qualified list, he would not have selected any of the other qualified candidates; but rather would have had the position re-advertised under "all sources" area of consideration.

13. The Selecting Official discriminated against Ms. Torres when he selected a lesser-qualified, white male, rather than the more-qualified Ms. Torres, an Hispanic female of Puerto Rican national origin.

14. The Selecting Official admitted that he had never promoted a female employee to a supervisory position in his 20 years as Director of Engineering Services at GPO.

15. Ms. Torres engaged in protected activity by complaining about discrimination and timely filing a formal administrative EEO complaint of discrimination based upon her non-selection for the Facility Manager (Understudy) position.

16. After she engaged in EEO activity, the GPO retaliated against Ms. Torres by, *inter alia*, isolating her; belittling her professional skills and reputation; not giving her assignments and work commensurate with her professional level; removing her from her position as architect, assigning her to do non-professional, administrative work, and creating a hostile work environment.

17. As a direct and proximate result of defendant's multiple violations of Title VII in

having discriminated against her and then having retaliated against her, plaintiff has suffered and continues to suffer economic loss in the form of lost pay and other benefits of employment and damage to her career. In addition, plaintiff has suffered and continues to suffer emotional and mental distress and humiliation which has diminished her enjoyment of life and caused her other pain and suffering.

## Claims

**Count I -- Discrimination Based on Race, Sex, and National Origin**

18. By selecting a lesser qualified Caucasian and failing to select more qualified Ms. Torres for the Facility Manager (Understudy) position, defendant has discriminated against plaintiff on the basis of her race (Hispanic), sex (female), and national origin (Puerto Rican) in violation of Title VII, specifically 42 U.S.C. § 2000e-2(a).

19. As a result of this act of unlawful discrimination in employment practices, plaintiff has suffered and continues to suffer a loss of pay, severe curtailment of career opportunities, personal and professional humiliation, as well emotional pain and suffering and career damage.

**Count II -- Retaliation**

20. By isolating plaintiff, by belittling her professional skills and reputation, by not giving her jobs commensurate with her professional skills, experience and status, by abolishing her job, and by creating a hostile work environment after she had filed a formal administrative EEO complaint, GPO Case Number 02-35, defendant has retaliated against plaintiff for complaining of past discrimination.

21. As a result of this unlawful retaliation, plaintiff has suffered and continues to suffer personal and professional humiliation, as well as emotional pain and suffering and career damage.

**Prayer for Relief**

WHEREFORE plaintiff requests that the court:

(a)     declare that defendant's failure to select the more qualified Ms. Torres for the Facility Manager (Understudy) position based on her race (Hispanic), sex (female), and national origin (Puerto Rican) in violation of Title VII;

(b)     declare that defendant retaliated against plaintiff after she had filed a formal administrative EEO complaint, GPO Case Number 02-35;

(c)     declare that, as a result of defendant's intentional acts of discrimination and retaliation, plaintiff has experienced and will continue to experience in the future, permanent career damage, extreme humiliation, pain, suffering, mental anguish and emotional distress;

(d)     order that plaintiff be retroactively promoted, effective March 2002, to the position, or an equivalent position, with full seniority, back pay (and interest, thereon) and other benefits as if she had never been non-selected for the position of Facility Manager (Understudy) based upon unlawful discrimination in March 2002;

(e)     order that plaintiff be awarded compensatory damages against defendant for unlawful discrimination and retaliation in the amount of $300,000.00 for each violation plus interest thereon;

(f)     award plaintiff the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k); and

(g)     award plaintiff such other and further relief as the interests of justice may require.

**Jury Demand**

Plaintiff hereby requests a jury trial on all issues of fact and damages.

*/s/ James Simpson*
David H. Shapiro
D.C. Bar # 961326
James E. Simpson
D.C. Bar # 482870
Swick & Shapiro, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
(202) 842-0300
(202) 842-1418 Fax

Attorneys for Plaintiff