UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANA C. TORRES,        ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| v.              ) | Civil Action No.: 05-2158 (HHK) |
| ) | |
| ROBERT C. TAPELLA, Public Printer,  ) | |
| U.S. Government Printing Office,    ) | |
| ) | |
| Defendant.      ) | |
| ) | |

### STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Ana C. Torres, and Defendant, Robert C. Tapella, in his official capacity as Public Printer, U.S. Government Printing Office (collectively, the "parties"), hereby stipulate and agree to settle and compromise the above-captioned action for the convenience of the parties and absolutely without any assignment of fault or blame, under the terms and conditions set forth in this Stipulation of Settlement and Dismissal ("Stipulation"), specifically resulting in the dismissal of this action:

1.      The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

2.      By executing this Stipulation, Plaintiff forever waives, releases and abandons any and all claims against Defendant, Public Printer, U.S. Government Printing Office (GPO) or any of its employees or agents, past or present, arising out of Plaintiff's employment with the GPO. Defendant forever waives, releases and abandons any and all claims and defenses against Plaintiff, which were, or could have been asserted, in this action. Such waived, released, and abandoned claims and defenses include, but are not limited to, those which were or could have been asserted in the above-captioned action and any other complaint, grievance, appeal, charge or like or related action filed or

pending in any other forum whatsoever, as well as any and all other claims or defenses arising out of Plaintiff's employment with the GPO. Inasmuch as Plaintiff has retired from her position, she would not have a basis to assert claims related to Plaintiff's employment against the GPO or any of GPO's officials, employees or agents, past or present, nor would GPO and its officials, employees or agents have a reason to assert corresponding defenses, that arise subsequent to the date this action is dismissed pursuant to this Stipulation.

3. Increase in Plaintiff's Pay Grade: Defendant agrees to increase Plaintiff's pay grade to the GS-14 level retroactively, but without back pay payments, as further specified in this paragraph. Plaintiff's pay grade will be increased to a GS-14, Step 6 level, *nunc pro tunc* to August 22, 2004. Plaintiff's pay grade will be increased again to GS-14, Step 7, *nunc pro tunc* to the first pay period after August 22, 2006, that is, September 3, 2006, with associated cost of living adjustments (COLA) attendant to federal salary. This means that the GPO will credit Plaintiff with any appropriate raises, step increases, quality step increases (QSIs), COLAs, adjustments and any other salary, grade or step enhancements at the earliest time that she would have been eligible to receive them, so that Plaintiff will retire at the GS-14, Step 7 grade level on September 7, 2007.

4. To achieve this grade and step at retirement, the government agrees to pay on Plaintiff's behalf such necessary (1) pre-retirement, salary-based payments to the Civil Service Retirement and Disability Fund of the Office of Personnel Management ("Pension Fund") and (2) pre-retirement agency matching contributions to the Pension Fund in exchange for her agreement to waive any back pay payments and interest thereon that she would be owed due to the increases in her pay grade discussed above, which would include back pay payments from August 22, 2004, up to and including September 7, 2007.

2

5.  <u>Plaintiff Maintains Her Retirement Date.</u> As part of this resolution, Defendant will permit Plaintiff to maintain her retirement date of September 7, 2007. Notwithstanding, Defendant will provide Plaintiff a retroactive promotion, as described above, for the purpose of increasing her retirement annuity. This process will involve a number of personnel actions. Additionally, as noted, retroactive payments must be made to the Pension Fund, representing 7% of Plaintiff's new salary totals as affected by the increases in pay grade set forth in paragraph 3, above, and an equal matching contribution from the government on Plaintiff's behalf to the Pension Fund. According to GPO calculations, these figures total $3018.57.

6.  <u>Attorney's Fees and Costs and Lump Sum Payment.</u> Defendant shall pay Plaintiff a lump-sum payment for attorney's fees and costs in the amount of Sixty Thousand Dollars ($60,000.00). This amount shall be paid by electronic funds transfer to Counsel for Plaintiff, the law firm of Swick & Shapiro, P.C., Washington, D.C., based on the information provided by Plaintiffs' Counsel to effectuate the transfer. Counsel for the Defendant will prepare and submit to the Department of Treasury within a reasonable time after the Court endorses this Stipulation and after Plaintiffs' Counsel provides the necessary documentation required for the processing of this payment. The parties will otherwise bear their own costs, including any additional attorney's fees.

7.  <u>Tax Consequences.</u> Plaintiff understands that there may be individual responsibility for any tax consequences of the sum paid pursuant to this Stipulation.

8.  Plaintiff and Defendant enter into this Stipulation in order to effect full and final settlement of any and all matters that Plaintiff or Defendant raised or could have raised in this action, as well as any and all other claims made prior to the dismissal of this action pursuant to this Stipulation. This Stipulation shall represent full and complete satisfaction of any and all claims, defenses,

appeals, demands, rights and causes of action of whatever kind and nature made heretofore, and particularly 1) those involving or reasonably related to the claims set forth in the Complaint or Amended Complaint in this action, including but not limited to: all Title VII or other employment claims that have been, or could be, made in this case, particularly including gender and retaliation discrimination claims; 2) all claims for costs and attorney's fees that have been, or could be, made in this case; 3) all pending Equal Employment Opportunity complaints, both formal and informal; and/or 4) any grievances, appeals, civil actions, and/or complaints filed with the Office of Special Counsel, Federal Labor Relations Authority, Merit Systems Protection Board, Office of Personnel Management, General Accounting Office, or any other Federal agency, administrative court or tribunal. In particular, and without limitation, this Stipulation shall include all possible claims by Plaintiff against Defendant, and by Defendant against Plaintiff, for compensatory damages, loss of leave, equitable relief and attorney's fees and costs incurred in connection with any administrative Equal Employment Opportunity process, the District Court and U.S. Court of Appeals litigation processes and any other proceedings involving the claims raised in this action prior to and including the date of this Stipulation.

9.    This Stipulation shall not constitute an admission of liability or fault on the part of any party or on the part of their past or present agents, servants, employees, representatives or officers, and is entered into by the Parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

10.   This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

11. The parties agree that this Stipulation will not be used as evidence or otherwise in any pending or future civil or administrative action against Defendant or any department, agency or instrumentality of the United States, except one brought to enforce the terms of this Stipulation.

12. Execution of this Stipulation of Settlement by Plaintiff and her counsel and by the representative of and counsel for the Defendant, together with execution of this document by the Court, shall constitute a dismissal of this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). The District Court retains jurisdiction of this matter for purposes of insuring compliance with this Stipulation.

13. Plaintiff acknowledges that she has read this entire Stipulation and that she understands all of its terms and conditions and that Plaintiff has had the opportunity to consult with her counsel. Plaintiff acknowledges that she has entered into this Stipulation voluntarily and with the advice of counsel. Further, Plaintiff acknowledges that Defendant has not imposed any undue hardship, duress, or coercion in connection with the execution of this Stipulation.

14. The Parties participated in, or had the opportunity to participate in, drafting this Stipulation and agree that the terms expressly recited herein represent the entire Stipulation of Settlement and Dismissal. There are no terms or conditions to this Stipulation except those expressly stated herein. This Stipulation may not be altered, modified, withdrawn, waived, rescinded or supplemented except by written instrument executed by duly authorized representatives of both Parties.

15. The Parties agree to cooperate fully and to execute any and all documents necessary to implement and effectuate the provisions of this Stipulation.

_____
DAVID SHAPIRO, D.C. Bar #961326
JAMES E. SIMPSON, D.C. Bar #482870
SWICK & SHAPIRO
1225 I Street, N.W., Suite 1290
Washington, D.C. 20005
(202) 842-0300

Counsel for the Plaintiff

DATE: 2-18-08

_____
ANA C. TORRES
Plaintiff

DATE: 2/15/2008

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
OLIVER W. McDANIEL, D.C. Bar #377-360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-0739

Counsel for Defendant

DATE: 2/22/08

_____
JENNIFER SEIFERT
Assistant General Counsel
United States Government Printing Office

Counsel for the Defendant

DATE: 2/19/2008

It is So Ordered, this ____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

6